IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 20-9-BU-DLC |
| Plaintiff/Respondent, | CV 23-71-BU-DLC |
| vs. | ORDER |
| JOSHUA JAY SCHROEDER, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Joshua Jay Schroeder's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Schroeder is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary

1

answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

The Court detailed the procedural history of Schroeder's petition in its Order to Show Cause. (Doc. 95.) The details will not be repeated here, except to modify one aspect. Schroeder's date of filing with this Court should be September 27, 2023, not October 10, as previously stated. (Doc. 93 at 1.)

## III. Timeliness of the Motion

A one-year limitations period applies to motions filed by federal prisoners under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2255(f)(2)–(4), Schroeder's motion had to be filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Court previously posited that Schroeder's motion appeared to have been filed too late and directed Schroeder to show cause why it should not be dismissed. (Doc. 95.) Schroeder responded, as did his appellate counsel.

The Court of Appeals dismissed Schroeder's appeal on February 18, 2022. A petition for a writ of certiorari "is timely when it is filed with the Clerk of [the Supreme] Court within 90 days of entry of the judgment [at the Court of Appeals.]" Supreme Court Rule 13(1). This time runs from the date of the Court of Appeals

order, and not its mandate. Rule 13(3). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Thus, Schroeder's petition to the Supreme Court was due May 19, 2022 and his conviction became final that date. Schroeder should have filed his § 2255 motion on or before May 19, 2023. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). He did not file until September 27, 2023.

    Schroeder was directed to show why his petition should not be dismissed. (Doc. 95.) In response, Schroeder's former appellate counsel filed a declaration and exhibits in support of Schroeder's cause. (Doc. 97.) In these documents, Schroeder's counsel demonstrates that he miscalculated the date Schroeder's petition was due to the Supreme Court, due to the COVID-19 pandemic. Schroeder's petition was due on May 19, 2022, but counsel filed it on July 17, 2022, with a notation as to its untimeliness. (Doc. 97-1 at 1.) It was dismissed on October 3, 2022. As a result, counsel advised Schroeder that his § 2255 motion was due October 3, 2023. Schroeder's response to the Order to Show Cause relies entirely on his attorney's mistaken advice. He apparently seeks to rely on equitable tolling which requires that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

    Schroeder may or may not have been diligent. He did not argue the point in his response to the Order to Show Cause. Schroeder did file a request for an

extension with the Court on August 10, 2023, after his year had already run, which was denied. (Doc. 91.) Waiting too long before attempting to file a petition demonstrates a lack of diligence. *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003). But even if he was diligent, he cannot show that an extraordinary circumstance prevented him from filing on time.

In this case, as in *Holland*, the asserted "extraordinary circumstances" involve an attorney's failure to satisfy professional standards of care, i.e., advise him of the proper filing deadline. *Holland*, 560 U.S. at 649. "Egregious" attorney conduct may rise to the level of extraordinary circumstances meriting equitable tolling. But " "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.*, at 651–52 (internal citations and quotations omitted.) "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327, 336-337 (2007).

In the cases that discuss attorney mistakes and their effect on equitable tolling, there are often several instances of attorney involvement that create delay—failure to return correspondence, failure to respond to questions, failure to provide files, etc. Schroeder alleges none of these barriers. He only asserts that he was told the deadline was October 3, and so he filed by October 3. Schroeder relied

on the deadline calculation of an attorney who had just filed an untimely petition for a writ of certiorari on his behalf. Schroeder reasonably could assume that the attorney was not dependable when it came to calculating deadlines. Schroeder then waited until the very end of the period that he thought was correct to file his petition. Schroeder has not demonstrated that he is entitled to equitable tolling.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe jurists of reason could disagree with this Order.

Accordingly, IT IS ORDERED:

1. Schroeder's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 360) is DISMISSED.

2. A certificate of appealability is DENIED.

5

3. The clerk shall ensure that all pending motions in this case and in CV 23-71-BU-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Schroeder.

DATED this 22nd day of March, 2024.

Dana L. Christensen, District Judge
United States District Court